ACCEPTED
12-14-00342-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/8/2015 9:23:30 AM
CATHY LUSK
CLERK

## ORAL ARGUMENT NOT REQUESTED

### CAUSE NO. 12-14-00342-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/8/2015 9:23:30 AM
CATHY S. LUSK
Clerk

### IN THE
### COURT OF APPEALS
### TWELFTH DISTRICT OF TEXAS
### TYLER, TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/8/2015 9:23:30 AM
CATHY S. LUSK
Clerk

### VERA LOUISE CLERKLEY,
**Appellant**

### VS.

### THE STATE OF TEXAS,
**Appellee**

---

### Appeal in Cause No. 31399
### On Appeal from the Third Judicial District Court
### of Anderson County, Texas

---

### BRIEF FOR STATE

---

**James C. Henson**
**Assist. Criminal District Attorney**
**Anderson County, Texas**
**Anderson County Courthouse**
**Palestine, Texas  75801**
**Texas Bar No. #24091457**
**903/723-7400**

i

## IDENTITY OF PARTIES AND COUNSEL

**JUDGE PRESIDING:**

THE HONORABLE BASCOM W. BENTLEY III

**DEFENDANT/APPELLANT:**

VERA LOUISE CLERKLEY

**FOR THE DEFENDANT:**

WM. M. HOUSE
800 N. CHURCH
PALESTINE, TEXAS 75801

**FOR THE STATE:**

JAMES C. HENSON
ASSISTANT CRIMINAL DISTRICT ATTORNEY
Anderson County Courthouse
500 N. Church Street
Palestine, TX 75801
(903) 723-7400

# TABLE OF CONTENTS

**PAGE**

Identity of Parties and Counsel . . . . . . . ii

Table of Contents . . . . . . . . . iii

Index of Authorities . . . . . . . . . iv

Statement of the Case . . . . . . . . . 1

Issues Presented . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . 2

Summary of Arguments . . . . . . . . 2

State's Reply to Appellant's Point of Error . . . 3

Prayer . . . . . . . . . . . 5

Certificate of Service . . . . . . . . 6

# INDEX OF AUTHORITIES

**Cases**                                                  **Page**

*Rogers v. State,* 640 S.W.2d 248   .    .    .    .    .    .    3-4

*McFarland v. State,* 644 S.W. 2d 17  .    .    .    .    .    .    4

## STATEMENT OF THE CASE

The Reporter's Record will be referred to as "RR" unless otherwise noted. The Clerk's Record will be referred to as "CR" unless otherwise noted. Appellant's Brief will be referred to as "AB" unless otherwise noted. Appellee is referred to as "State".

Appellant pled Guilty to the offense of Theft of Property between $1500 and $20,000 on December 2, 2013. Appellant was sentenced to 24 months in TDCJ State Jail Division, however that sentence of confinement was suspended and Appellant was placed on Community Supervision for a period of five years. On May 30, 2014 the State filed a Motion to Revoke Appellant's Community Supervision. On September 29, 2014, the Appellant pled true to all allegations in the State's Motion to Revoke. The judge revoked the Appellant's probation and recessed the hearing until October 20, 2014 pending the completion of the Pre-Sentence Report. On October 20, 2014, the judge sentenced the Appellant to one year TDCJ State Jail Division.

## ISSUES PRESENTED

Appellant alleges the trial court committed error by sentencing Appellant after recessing the Revocation Hearing for a period of time to allow for a Pre-Sentence Report to be completed after the judge revoked the probation.

## STATEMENT OF FACTS

On September 29th, the court convened a hearing on the State's Motion to Revoke Probation. At that hearing, Appellant pled True (RR Vol. 2 p5 L 6 and p5 L10-22). The court revoked the Appellant's probation and recessed until October 20th when punishment would be assessed pending the completion of a Pre-Sentence Report. (RR Vol. 2 p16 L2-7).

On October 20th, the court reconvened the hearing for punishment. The Appellant objected to the court taking back up the proceeding. (RR Vol. 3 p1 L9-15). The State responded to the Appellants objection by stating the position that probation had already been revoked and that the purpose of the proceeding was to determine punishment. (RR Vol. 3 p2 L15-19). The court sentenced the Appellant to one year in TDCJ State Jail Division. (RR. Vol. 3 p16 L1-5).

## SUMMARY OF ARGUMENT

Appellant's probation was properly revoked by the court on September 29th. The court revoked the Appellant's probation after the Appellant pled true to the allegations in the State's motion to revoke. The court then recessed the hearing in order to complete a Pre-Sentence Report prior to sentencing Appellant on October

20th. During this time, the Appellant remained in custody and was not continued on probation, but was merely awaiting sentencing.

## STATE'S REPLY TO APPELLANT'S POINT OF ERROR

The Appellant points to two cases in support of the Appellant's position. In *Rogers vs. State*, Steven Rogers was convicted of theft and placed on probation. *Rogers vs. State*, 640 S.W.2d 17 (Tex.App. Dallas 1982). There was a hearing on a motion to revoke Roger's probation in which Rogers pled true. During the hearing, the Court told Rogers that he was reinstating the probation for 60 days to see how Rogers did. *Id.* After that the 60 day period, the judge revoked the probation based upon the prior pleas of true and without any additional allegations. *Id.* The Court of Criminal Appeals found that this was a violation of Roger's due process.

This can be distinguished from the present case in many ways. The court in the present case kept the Appellant in custody. In *Rogers,* Rogers was released from custody. *Id.* The court never told the Appellant in the present case that her probation was being reinstated. There was nothing told to Appellant that would indicate to her that her probation was being reinstated that would lead to confusion on the issue. In *Rogers*, the court's decision was clearly being held pending some future conduct by the defendant. *Id.* In the present case, the court's decision was not being held pending future conduct, the decision to revoke the appellant's probation had been made. The appellant was being held in custody to await

- 3 -

sentencing after being revoked pending the results of a Pre-sentence investigation, she was not released to evaluate her probationary conduct for a later decision regarding a revocation.

The appellant properly had her probation revoked on September 29, 2014 and was sentenced on October 20, 2014. *Rogers* does not apply to the present case because Rogers was dealing with a defendant who was returned to probation to be revoked at a later time based on previous pleas of true. That did not occur in this case and the Appellant was properly revoked.

In *McFarland v. State*, the trial court passed a cause generally and then continued the hearing without any alleging any additional violations and revoked the defendant's probation based on pleas of true from the previous hearing. *McFarland v. State*, 644 S.W. 2d 17.This case does not apply to the present case as the present case was not passed generally. It was passed in order to complete the pre-sentence investigation in order to properly assess punishment.

Neither of these cases provides any authority which would require the trial court's revocation of the Appellant's probation to be overturned. Both cases consider a situation in which a defendant's probation is not revoked as a consequence of true pleas. In the present case, the Appellant's probation was revoked as a consequence of the Appellant's pleas of true.

## PRAYER

**WHEREFORE** the Appellee prays that the Court upon consideration hereof

affirm the decision of the Trial Court and overrule Appellant's Points of Error.


Respectfully submitted by,

**JAMES C. HENSON**
Assistant Criminal District Attorney
Anderson County, Texas
500 N. Church Street, Rm 38
Palestine, Texas 75801
Texas Bar No. #24091457
(903)723-7400

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Brief for the State has been delivered via fax to: **WM. M HOUSE**, 800 N. Church St., PALESTINE, TEXAS 75801 on this the 7th day of May, 2015 in accordance with the provisions of the Texas Rules of Criminal and Appellate Procedure. **I also certify that this brief is 1279 words**.

**JAMES C. HENSON,**
**ASSISTANT CRIMINAL DISTRICT ATTORNEY**